| | |
|---|---|
| **GAIA HERBS, INC.,** | |
| Plaintiff, | Civil No. 1:20-cv-290 |
| v. | |
| **SIMPLY ELDERBERRY, CO.,** | |
| | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Gaia Herbs, Inc. ("Plaintiff" or "Gaia") brings this Complaint against Simply Elderberry, Co. ("Defendant" or "SEC") for a declaratory judgment that Plaintiff's use of the purported mark EVERYDAY ELDERBERRY in connection with its products containing elderberry for everyday use does not infringe any valid and enforceable trademark right purportedly owned by Plaintiff. Plaintiff further seeks a declaratory judgment that Defendant's federal trademark registration for the mark EVERYDAY ELDERBERRY—U.S. Registration No. 5,963,371 (hereafter, "Defendant's Registration")—and any purported common law rights in the same, are invalid and unenforceable as the mark is generic and, at best, merely descriptive and lacking the requisite secondary meaning. Defendant's Registration should be cancelled on those grounds. Plaintiff also seeks a declaratory judgment that Defendant has not made trademark use of the purported mark embodied in Defendant's Registration in relation to certain of the goods identified in Defendant's Registration, and further seeks an order directing the

Trademark Office to cancel Defendant's Registration as it relates to, at least, those goods for which Defendant has not made use of the mark.

## NATURE OF THE ACTION

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 that: (1) Plaintiff Gaia does not, and has not, infringed any purported trademark rights of Defendant SEC pursuant to 15 U.S.C. §§ 1114 and/or 1125, or federal or North Carolina common law; (2) any trademark rights purportedly owned by Defendant SEC in the EVERYDAY ELDERBERRY mark and/or embodied in Defendant's Registration are invalid and unenforceable; and (3) cancellation of all or part of Defendant's Registration for non-use in relation to one or more of the identified goods.

2. Defendant SEC has accused Plaintiff Gaia of infringing certain alleged rights in the EVERYDAY ELDERBERRY mark embodied in Defendant's Registration through Gaia's sale of its Everyday Elderberry Immune Support Gummies. Plaintiff Gaia denies infringement and asserts that Defendant SEC's alleged trademark rights are invalid and unenforceable.

## THE PARTIES

3. Gaia Herbs, Inc. is a Delaware corporation with its principal place of business located at 101 Gaia Herbs Drive, Brevard, North Carolina 28172.

4. Upon information and belief, Simply Elderberry Co. is a California corporation with its principal place of business located at 1 Park Plaza, Suite 600, Irvine, California 92614, the same address as Defendant's CFO and law firm who is attorney of record for Defendant's Registration.

# JURISDICTION AND VENUE

5. This Court has original jurisdiction over Plaintiff's federal declaratory judgment claims pursuant to 28 U.S.C. §§ 1331, 1338 and 2201.

6. This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332, as the Parties are citizens of different states, and Defendant's relief demanded includes, among other things, destroying Gaia's inventory and/or forcing a recall of accused product which would cause damage in excess of $75,000, in addition to Defendant's other damages claims.

7. This Court has supplemental jurisdiction over Plaintiff's non-federal claims, including any declaration of non-infringement of any state or common law trademark rights alleged by Defendant, pursuant to 28 U.S.C. § 1367 because the claims are so related to the federal claims as to form a part of the same case or controversy.

8. This Court has personal jurisdiction over Defendant because it regularly conducts and transacts business in North Carolina and this judicial district. Moreover, Defendant has offered for sale and upon information and belief sold its EVERYDAY ELDERBERRY labeled goods to consumers in North Carolina and this district and shipped such goods to consumers in North Carolina and this district. Indeed, SEC itself touts that it "ships its EVERYDAY Elderberry brand of products nationwide and [] is one of the few handcrafted elderberry product manufacturers to do so." Further, SEC maintains, upon information and belief, continuous and systematic contacts with and regularly transacts business with retailers, distributors, and/or consumers in North Carolina sufficient to permit the exercise of personal jurisdiction. Defendant also offers its products, including the "Everyday Elderberry" labeled products, for sale to consumers in North Carolina via its website and directs advertising and other marketing to consumers in North Carolina. Further, Defendant's threats of litigation directed to Plaintiff

within this State, in combination with Defendant's advertising to consumers in North Carolina and this district, further subject it to personal jurisdiction in North Carolina and this district.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this District. For example, both Plaintiff and Defendant have sold goods bearing the purported EVERYDAY ELDERBERRY mark, the goods at issue in this action, to consumers in this judicial district.

## GENERAL FACTUAL ALLEGATIONS

### I. Gaia's Business and Gaia's Elderberry Products

10. Since at least 1987, Plaintiff has been in the business of manufacturing, distributing, promoting, and selling high-quality herbal supplements.

11. For over thirty years, Gaia has combined science and tradition to create proprietary blends. Gaia is now a leading grower and producer of Certified Organic herbal remedies, nutraceuticals, and related products located in the United States.

12. Gaia has worked hard to earn consumer trust. Consumers know that Gaia is transparent regarding listed ingredients and consumer safety. Gaia's industry-leading validation process ensures that Gaia's herbal products are authentic and safe, as they are screened for heavy metals, pesticides, and microbial contaminants.

13. Gaia created Meet Your Herbs®, the world's first herb traceability platform. There the customer may discover the origin of herbs, learn how the herbs were grown, and see validation of a product's level of purity and potency.

14. Every ingredient in a Gaia product is screened and validated in Gaia's state-of-the-art, onsite laboratory in Brevard, North Carolina. In this same lab, Gaia perfected its patented Liquid Phyto-Caps® technology, engineered to support the absorption of its concentrated plant

extracts. Gaia continues to invest in science and technology, keeping Gaia products safe and at the forefront of plant-based well-being.

15. Among Gaia's many product offerings, Gaia offers an elderberry gummy herbal supplement for everyday use under the generic name Everyday Elderberry Immune Support Gummies. A representative image of this product is shown below:



16. Gaia's elderberry gummy herbal supplement for everyday use sold under the generic name Everyday Elderberry Immune Support Gummies includes the registered GAIA HERBS house mark prominently displayed on the label.

17. Gaia also offers an elderberry syrup but under the name "Black Elderberry Syrup." A representative image of this product is shown below. As shown, the Black Elderberry Syrup product also includes the registered GAIA HERBS house mark prominently displayed on the label.



18. Gaia sells its herbal supplements across the nation on well-known platforms and in well-known retail establishments such as Amazon, Whole Foods, Walmart, and Target, among many other regional, state, and local retailers.

II. **Defendant's Business and Defendant's Elderberry Products**

19. Upon information and belief, Defendant has only existed since March 5, 2019, when articles of incorporation for Simply Elderberry Co. were filed with the Secretary of State of California.

20. Upon information and belief, Defendant has only been promoting products under the SIMPLY ELDERBERRY CO. name, and/or in relation to any other names (including the asserted "Everyday Elderberry" mark asserted by Defendant against Gaia), since September 17, 2019.

21. Defendant's products include, among other things, the SIMPLY ELDERBERRY CO. house mark prominently displayed on its product labels.

22. Upon information and belief, the only products containing elderberry offered for sale by Defendant are syrup products like the Everyday Elderberry Syrup depicted below:



23. Defendant's Everyday Elderberry Syrup product includes Defendant's SIMPLY ELDERBERRY CO. house mark on the label.

24. Defendant's Everyday Elderberry Syrup product prominently displays Defendant's SIMPLY ELDERBERRY CO. house mark on the label.

25. Upon information and belief, Defendant does not sell elderberry gummies, and Defendant's only gummy-related product is a kit with elderberry syrup and molds whereby the customer may create their own gummy products as depicted below.



26. Beyond the elderberry syrup and the kit identified above, Defendant does not use the purported EVERYDAY ELDERBERRY Mark in relation to any other goods, including herbal tea, powder, or beverages.

### III. Defendant's Alleged Trademark Rights in EVERYDAY ELDERBERRY

27. On May 1, 2019, Defendant filed U.S. Trademark Application No. 88/411,147 for the mark EVERYDAY ELDERBERRY, which eventually issued as Defendant's Registration (U.S. Registration No. 5,963,371). A true and correct copy of Defendant's Registration is attached hereto as **Exhibit A**.

28. Defendant's Registration claims use in relation to "Nutritional supplements in the form of syrup, gummies, herbal tea, powder, and beverages with elderberry as an ingredient" in International Class 5.

29. On November 12, 2019, Defendant filed a Statement of Use with the Trademark Office, declaring that it had started providing all of the goods listed in the Registration in interstate commerce. In particular, Defendant's Statement of Use filed in support of Defendant's Registration for EVERYDAY ELDERBERRY claims a First Use date of August 1, 2019, and a First Use in Commerce date of September 1, 2019. A true and correct copy of Defendant's Statement of Use submitted to the Trademark Office is attached hereto as **Exhibit B**.

30. The Declaration in support of the Statement of Use is signed by Rosalind T. Ong, SEC's CFO who also serves as the managing partner of Rhema Law Group, the law firm that sent the cease and desist letter to Plaintiff Gaia.

31. The phrase "Everyday Elderberry" as used by Defendant is generic, as the primary significance of the phrase is to indicate the nature or class of the product (an elderberry supplement to be taken everyday), rather than an indication of source.

32. Alternatively, the phrase "Everyday Elderberry" is, at best, merely descriptive—constituting nothing more than a functional description for any elderberry supplement for daily or everyday use.

33. Defendant's own advertising demonstrates its generic ues of the "Everyday Elderberry" phrase. For example, in the exemplary advertisement below captured from Defendant's website, Defendant uses the term "Everyday" to instruct its target audience to utilize Defendant's syrup "Everyday."



34. The phrase "Everyday Elderberry" is not capable of and nevertheless has not and cannot acquire distinctiveness or attain any secondary meaning in the minds of relevant consumers. Upon information and belief, relevant herbal supplement consumers do not and would not associate the phrase "Everyday Elderberry" with Defendant, Simply Elderberry Co.

35. Defendant is attempting to monopolize the generic term "Everyday," which is impermissible under applicable trademark law.

36. Upon information and belief, Defendant has not received any inquiry or notice of any consumer confusion regarding whether Defendant is the producer of Plaintiff's Everyday Elderberry Immune Health Gummies, whether Plaintiff is the producer of Defendant's product labeled Everyday Elderberry, or evidencing any consumer confusion regarding an affiliation or sponsorship between either of Plaintiff or Defendant.

IV. **Defendant's Threatened Litigation Over its Purported Rights**

37. On August 27, 2020, counsel for Defendant sent the registered agent for Plaintiff a cease and desist letter. A true and correct copy of the August 27, 2020 letter is attached hereto as **Exhibit C**.

38. In the August 27, 2020 letter, Defendant's counsel demands, among other things, that Plaintiff "immediately cease all use, sales, marketing, and distribution of any of [its] products that include the EVERYDAY ELDERBERRY mark." Defendant's counsel also claimed that Plaintiff had engaged in "willful and continued unauthorized use" of the mark and that such actions by Gaia are "fully actionable based on claims of unfair competition, trademark infringement, [and] false designation of origin." In the absence of Plaintiff's immediate compliance with all demands outlined in the letter, Defendant's counsel threatened that Defendant "has authorized [counsel] to file a complaint in the United States District Court against you and your agents, officers, affiliated companies."

39. On September 15, 2020, counsel for Plaintiff Gaia emailed counsel for Defendant SEC advising of Gaia's forthcoming response to the cease and desist letter. A true and correct copy of the email from counsel for Plaintiff to counsel for Defendant is attached hereto as **Exhibit D**.

40. Before receiving a promised response from Plaintiff Gaia, counsel for Defendant sent an email to Gaia's counsel on September 23, 2020. A true and correct copy of the September 23, 2020 email is attached hereto as **Exhibit E**. In the email, Defendant's counsel indicates that Plaintiff must conform to Defendant's demands in order "to avoid protracted litigation." The email also states that Defendant "ships its EVERYDAY Elderberry brand of products nationwide and it is one of the few handcrafted elderberry product manufacturers to do so."

41. On September 25, 2020, Gaia's counsel responded to the August 27, 2020 letter. A true and correct copy of Plaintiff's September 25, 2020 letter is attached hereto as **Exhibit F**. In the letter, Plaintiff's counsel outlines Plaintiff's substantive response to the allegations and demands in Defendant's original August 27, 2020 letter (Ex. C) and Defendant's September 23, 2020 email (Ex. E). Among other things, Gaia's letter offers potential avenues for engaging in a realistic settlement negotiation.

42. On September 30, 2020, SEC's counsel sent a response letter. A true and correct copy of Defendant's September 30, 2020 response letter is attached hereto as **Exhibit G**. In the response, Defendant's counsel states that SEC "formally reject[s] all of [Plaintiff's] terms of settlement." The letter goes on to demand $500,000 for the option to purchase Defendant's Registration or, as an alternative, demands that Plaintiff pay Defendant a 5% royalty on all Plaintiff's products sold under the name "Everyday Elderberry." The letter concludes that if neither the complete buyout or ongoing license is acceptable, then Plaintiff would have to conform to the demands as originally outlined in Defendant's August 27, 2020 letter (Ex. C).

# COUNT I
### (Declaration that Gaia's Use of "Everyday Elderberry" on its labels Does Not Violate the Lanham Act or any applicable common law)

43. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44. This claim arises under the declaratory judgment provisions of 28 U.S.C. §§ 2201 and 2202 and under the Lanham Act, 15 U.S.C. § 1051, *et seq*. As detailed hereinabove, including Defendant SEC's allegations that Gaia is and has been infringing SEC's trademark rights, demands that Gaia "cease and desist" from use of the mark, threats that failure to comply with SEC's demands will force SEC to file an infringement complaint in federal court, and specific deadlines by which Gaia must comply with such demands, an actual and justiciable controversy exists between Defendant and Plaintiff with respect to the alleged violations of Defendant's purported trademark rights in the mark EVERYDAY ELDERBERRY.

45. Plaintiff Gaia does not and has not infringed any alleged trademark rights in the generic and/or highly descriptive Everyday Elderberry mark asserted by Defendant SEC.

46. Any alleged trademark rights asserted by Defendant SEC are invalid and unenforceable. The mark EVERYDAY ELDERBERRY is not a valid trademark, for reasons including but not limited to, the fact that it is generic, descriptive, functional, and/or has not acquired secondary meaning, as alleged herein.

47. Defendant's Registration disclaims any exclusive right to use "ELDERBERRY" apart from EVERYDAY ELDERBERRY, leaving Defendant with, at most, a purported interest in the term EVERYDAY alone. A search of the U.S. Patent and Trademark Office database reveals no fewer than 30 separate registrations and pending applications for "EVERYDAY" marks claiming use in relation to "nutritional supplements." This frequent use in relation to the

term EVERYDAY for nutritional supplements indicates a crowded field, thereby reducing any likelihood of confusion.

48. Further, because of, at least, the generic and/or highly descriptive nature of the alleged trademark rights asserted by Defendant SEC, there is no likelihood of confusion and can be no likelihood of confusion among relevant consumers resulting from Gaia's generic and descriptive use of "Everyday Elderberry" on its labels for elderberry immune support supplements for everyday use.

49. Relevant consumers do not associate the phrase "Everyday Elderberry" with a source of elderberry nutritional supplements for everyday use, but instead understands the phrase to describe the products on which the phrase is used and that such products could be used every day.

50. Plaintiff's use of "Everyday Elderberry" on its elderberry-based nutritional supplements has not caused any relevant consumers to be confused, mistaken, or deceived, and is not likely to cause any relevant consumers to be confused, mistaken, or deceived, as to the source of Plaintiff's products and/or Defendant's products, or any sponsorship or affiliation between the two.

51. Further still, because of, at least, Plaintiff's prominent use of its registered GAIA HERBS mark on its product labels, and Defendant's prominent use of its SIMPLY ELDERBERRY CO. mark on its product labels, including the products identified in SEC's cease and desist letters to Gaia, there is no likelihood of confusion and can be no likelihood of confusion among relevant consumers as to the source, affiliation, or sponsorship of the products because the source of the respective goods is clearly identified.

52. Despite what Defendant SEC contends to be more than a year of concurrent use in the market of the term "Everyday Elderberry" on Plaintiff's and Defendant's goods, Defendant has not identified and, upon information and belief, is not aware of, even a single instance of actual consumer confusion between Plaintiff and Defendant. Upon information and belief, Defendant SEC cannot identify a single instance of actual consumer confusion between Plaintiff and Defendant.

53. Additionally, Plaintiff's use of EVERYDAY ELDERBERRY to promote its elderberry gummy herbal supplement for everyday use is not likely to cause confusion as to the source or sponsorship of Plaintiff's products or Defendant's products because, *inter alia*, Plaintiff's products and Defendant's products are sold via distinct and different channels of trade. Plaintiff sells its products through established retailers like Amazon, Whole Foods, Walmart, and Target, while, upon information and belief, Defendant principally sells products through its own website. Furthermore, the product sold under the mark EVERYDAY ELDERBERRY by Plaintiff are gummy herbal supplements, while, upon information and belief, Defendant only sells elderberry syrup products under the mark.

54. Plaintiff's continued use of EVERYDAY ELDERBERRY in connection with the sale of a elderberry gummy herbal supplement for everyday use does not constitute trademark infringement under the Lanham Act, and Plaintiff requests this Court enter judgment declaring the same.

## COUNT II
**(Declaration of Invalidity)**

55. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 54 of this Complaint as if fully set forth herein.

56. This claim arises under the declaratory judgment provisions of 28 U.S.C. §§ 2201 and 2202 and under the Lanham Act, 15 U.S.C. § 1051, *et seq*. and federal and state common law. As described herein, an actual and justiciable controversy exists between Defendant and Plaintiff with respect to the alleged violations of Defendant's alleged trademark rights in the mark EVERYDAY ELDERBERRY.

57. As alleged herein, the mark EVERYDAY ELDERBERRY is generic of elderberry herbal supplements for everyday use.

58. As alleged herein, the mark EVERYDAY ELDERBERRY is merely descriptive of elderberry herbal supplements for everyday use.

59. As alleged herein, the mark EVERYDAY ELDERBERRY has not been used as a trademark and is therefore not protectable as a trademark.

60. As alleged herein, the mark EVERYDAY ELDERBERRY has not acquired distinctiveness in the herbal supplement industry, has not attained secondary meaning in the minds of the relevant consumers such that such consumers associate the phrase "Everyday Elderberry" with a particular source of elderberry-based nutritional supplements, but instead understand the phrase "Everyday Elderberry" to describe the products on which the phrase is used.

61. Plaintiff requests a declaration that the mark EVERYDAY ELDERBERRY is generic and/or merely descriptive, lacking in secondary meaning, and not protectable as a trademark under federal law, state law, or the common law.

62. Defendant requests this Court direct the Director of the Trademark Office to cancel Defendant's Registration pursuant to 15 U.S.C. § 1119.

# COUNT III
## (Declaration of Non-Use)

63. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 62 of this Complaint as if fully set forth herein.

64. This claim arises under the declaratory judgment provisions of 28 U.S.C. §§ 2201 and 2202 and under the Lanham Act, 15 U.S.C. § 1051, *et seq*. An actual and justiciable controversy exists between Defendant and Plaintiff with respect to the alleged violations of Defendant's alleged trademark rights in the mark EVERYDAY ELDERBERRY.

65. Defendant's Statement of Use filed November 12, 2019 (Ex. B) claims use in commerce of the purported mark EVERYDAY ELDERBERRY in relation to all goods identified in Defendant's application to register the mark.

66. The goods identified in the Statement of Use are "Nutritional supplements in the form of syrup, gummies, herbal tea, powder, and beverages with elderberry as an ingredient" in International Class 5.

67. Defendant's agent or attorney, on behalf of Defendant, declared under oath that Defendant was using the EVERYDAY ELDERBERRY mark in relation to all of the goods identified in the Statement of Use.

68. Upon information and belief, Defendant has only ever offered or sold syrup for sale under the EVERYDAY ELDERBERRY mark, and has never offered or sold gummies, teas, powders, or beverages under the EVERYDAY ELDERBERRY mark.

69. Defendant SEC knowingly and falsely declared, either directly or through its authorized attorney, that as of September 1, 2019, SEC was using the alleged EVERYDAY ELDERBERRY mark in use in commerce on or in connection with "all the goods/services in the application." At the time it executed the Statement of Use or caused its attorney to execute the

Statement of Use, SEC knew that it was not using the alleged EVERYDAY ELDERBERRY mark in relation to all of the goods and services identified in the Statement of Use, including at least "gummies, herbal tea, powder, and beverages with elderberry as an ingredient."

70. Defendant SEC's misrepresentation to the U.S. Patent and Trademark Office was material, and but for such representation, Defendant's Registration would not have issued in relation to all of the goods identified in Defendant's Registration.

71. Upon information and belief, Defendant SEC's knowing misrepresentation was made with an intent to deceive the Trademark Office into issuing a registration covering goods with which SEC had made no use of alleged mark.

72. Upon information and belief, Defendant's Registration should cover only "Nutritional supplements in the form of syrup" in International Class 5.

73. Plaintiff therefore requests a declaration that SEC obtained Defendant's Registration through fraud on the Trademark Office, and limiting Defendant's Registration to "Nutritional supplements in the form of syrup" in International Class 5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment as follows:

A. Declare that Plaintiff's accused use of the phrase "Everyday Elderberry" does not constitute a violation of 15 U.S.C. § 1114;

B. Declare that Plaintiff's accused use of the phrase "Everyday Elderberry" does not constitute a violation of 15 U.S.C. § 1125;

C. Declare that the phrase "Everyday Elderberry" as used by Plaintiff and/or Defendant, is generic and therefore not protectable as a trademark under federal law, or any state law or common law, and pursuant to 15 U.S.C. § 1119, direct cancellation of Defendant's Registration by the Trademark Office;

D. Declare that the phrase "Everyday Elderberry" is merely descriptive, lacking in secondary meaning or acquired distinctiveness, and therefore not protectable as a trademark under federal law, or any state law, or any common law, and pursuant to 15

U.S.C. § 1119, direct cancellation of Defendant's Registration by the Trademark Office;

E. Declare that Defendant has not made trademark use of the phrase "Everyday Elderberry" in relation to one or more of the goods identified in Defendant's Registration, and pursuant to 15 U.S.C. § 1119, direct the Director of the Trademark Office to cancel Defendant's Registration and/or limit Defendant's Registration to those goods on which Defendant has actually made trademark use.

F. Find this case to be exceptional pursuant to 15 U.S.C. § 1117(a);

G. Award Plaintiff its attorneys' fees, expenses, and costs incurred in this action pursuant to 15 U.S.C. § 1117(a) and 28 U.S.C. § 1920; and

H. Award to Plaintiff such further relief as this Court deems just, proper, and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury of all issues so triable.

Dated: October 9, 2020

**GAIA HERBS, INC.,**

*/s/ Richard T. Matthews*
Richard T. Matthews (NC Bar No. 32817)
rmatthews@williamsmullen.com
Andrew R. Shores (NC Bar No. 46600)
ashores@williamsmullen.com
WILLIAMS MULLEN
301 Fayetteville Street, Suite 1700
Raleigh, NC 27601
Telephone: (919) 981-4070
Facsimile: (919) 981-4300

*Counsel for Plaintiff Gaia Herbs, Inc.*